ALMON, Justice.
Edrel A. Cory appeals from a partial summary judgment entered in favor of her employer, Pearl, Inc., on her claims of fraud and conversion. The issue is whether the trial court erred in holding that Cory’s claims are barred by the Employment Retirement Income Security Act of 1974 (“ERISA”), 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq.
Cory worked as a flower designer for Pearl and participated in a group hospital insurance program administered by Pearl for its employees. An amount was withheld each month from Cory’s wages to pay for her portion of the premiums. Cory made claims for hospitalization benefits. Some of Cory’s claims were denied by the insurance carrier, and she initiated this action.[1]
The complaint before us contains two counts, one alleging fraud and the other alleging conversion. Cory alleged that the hospitalization insurance was terminated because of Pearl’s failure to pay the premium, that Pearl continued to deduct an amount from her wages to pay the premium, and that Pearl misrepresented that the premiums were being paid and that Cory had hospitalization insurance. Similar allegations formed the basis of her conversion claim. In moving for a summary judgment on the ground that Cory’s claims were preempted by ERISA, Pearl submitted affidavits to the effect that, although there was a brief lapse of hospitalization insurance coverage because the company changed insurance carriers, the employee benefit plan was nevertheless constantly in effect and the company was responsible for payment under the plan. Pearl’s president and its bookkeeper stated in affidavits that Cory had not submitted her hospital bills to Pearl for payment. Cory testified in deposition that she had asked for payment to her of the amounts that had been withheld from her wages for payment of premiums, but she admitted that she had not asked Pearl to pay the hospital bills.
The trial court held that Cory’s fraud and conversion claims were preempted by ERISA, because these claims related to an employee benefit plan. See 29 U.S.C. § 1144. The judgment before us states that summary judgment is denied “as to the claim for benefits under the employee benefit plan” and makes the judgment on the fraud and conversion claims final pursuant to Rule 54(b), Ala.R.Civ.P. Although the complaint in the record before us does not include a claim for ERISA benefits, that fact is not material to the resolution of the issues on the fraud and conversion claims.[2]
Cory argues that the trial court erred in holding that her claims were preempted by ERISA, citing HealthAmerica v. Menton, 551 So.2d 235 (Ala.1989). This Court, in *368 HealthAmerica, held that a claim of fraud in the inducement does not “ ‘relate to’ an employee benefit plan and is therefore not preempted by ERISA,” 551 So.2d at 238, and that under the facts of HealthAmeri-ca, Alabama’s fraud law does not relate to or affect the administration of the plan. In HealthAmerica, Menton alleged that he was fraudulently induced to drop his old hospital insurance and to elect new coverage from HealthAmerica.
In the present case, there is no allegation of fraud in the inducement; rather, the allegations relate directly to the employee benefit plan and, in effect, seek to bypass the plan by suing for fraud and conversion in the collection of the premiums that supported the benefits under the plan. Although Cory has been denied benefits by the plan’s insurance carrier, she has never made a claim directly against her employer, which asserts in affidavit that it stands ready to pay benefits under the plan as a self-insurer for the period of the lapse in insurance coverage. We conclude that an action such as this one is within the intent of Congress in enacting the preemption clause, 29 U.S.C. § 1144(a).
This Court’s decision in Haywood v. Russell Corp., 584 So.2d 1291 (Ala.1991), supports the trial court’s holding that Cory's claims were preempted by ERISA. In Haywood, this Court, applying the rationale of the United States Supreme Court in Ingersoll-Rand Co. v. McLendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), held that Haywood’s fraud claim was preempted by ERISA, but that Haywood had a cause of action and was provided a remedy under ERISA, 29 U.S.C. § 1132(a). Similarly, in the present case, the trial court entered a partial summary judgment for Pearl on Cory’s fraud and conversion claims, but denied summary judgment as to her claim for benefits under the plan.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. The insurance carrier was granted relief in an action it filed for a declaratory judgment.

. The trial court may have construed the complaint as stating a claim for benefits under ERISA even though it was couched in terms of fraud and conversion. See Haywood v. Russell Corp., 584 So.2d 1291 (Ala.1991).